UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAMELA FUNK, ) | CASE NO. 1:10CV2867 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF ) | **OF MAGISTRATE JUDGE** |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Pamela Funk ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court vacate the Commissioner's decision and remand this case to the ALJ:

I.      **PROCEDURAL AND FACTUAL HISTORY**

On October 10, 2006, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning in January of 2002 due to narcolepsy, fibromyalgia, and depression. ECF Dkt. #4 at 2; ECF Dkt. #11-8 at 14-29. The SSA denied Plaintiff's applications initially and on reconsideration. ECF Dkt. #11-4 at 2-24. Plaintiff filed a request for an administrative hearing and on March 3, 2009, an ALJ conducted an administrative hearing. ECF Dkt. #11-2 at 17; ECF Dkt. #11-4 at 25-26. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Carrie Scallon, a vocational expert ("VE"). *Id.* On March 23, 2009, the ALJ issued a decision denying benefits. ECF Dkt. #11-2 at 9-16. Plaintiff filed a request for review of the decision, but the Appeals Council denied the request. *Id.* at 2-5.

On December 20, 2010, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. On September 30, 2011, Plaintiff filed a brief on the merits. ECF Dkt. #15. On November 9, 2011, Defendant filed a brief on the merits. ECF Dkt. #16. No reply brief was filed.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

In his decision, the ALJ determined that Plaintiff suffered from alleged narcolepsy and fibromyalgia, which qualified as severe impairments under 20 C.F.R. §404.1521 *et seq*. and 20 C.F.R. § 416.921 *et seq*. ECF Dkt. #11-2 at 11. The ALJ next determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id*. He discounted Plaintiff's allegations of pain and limitations and concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work involving simple, unskilled tasks, but she should avoid unprotected heights, dangerous moving machinery, vibration and extremely cold temperatures, and she could not perform jobs requiring driving or the climbing of ladders, ropes, or scaffolds. *Id*. Based upon this RFC and the testimony of the VE, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, including that of an usher, dining room attendant or janitor/cleaner. *Id.*

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to SSI benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§

      404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.    STANDARD OF REVIEW

      Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

      The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011), quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted).  An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."  *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).  The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

## V.    ANALYSIS

      Plaintiff asserts a scattered array of arguments, contending that the ALJ committed error at Step Five of the sequential analysis because he failed to evaluate her complaints of pain, failed to acknowledge the shifting of the burden of proof to the Commissioner, and failed to account for the fact that she is unable to work on a full-time basis because of the uncertainty of the timing and length

-3-

of her symptoms. ECF Dkt. #15. She further asserts that the jobs that the ALJ found that she was capable of performing, those of usher, dining room attendant and/or janitor/cleaner, are more physically demanding than the her past relevant work. *Id*. The bulk of Plaintiff's brief on the merits consists of the recitation of law.

Nevertheless, in reviewing Plaintiff's assertions and the ALJ's decision, the undersigned noticed that the ALJ mentioned Dr. Hanna in two short sentences. The ALJ stated only that "John Hanna, M.D., reported in December 2006 that the claimant had fibromyalgia and narcolepsy. He noted the claimant had chronic fatigue, and unpredictable waxing and waning of soft tissue pain as a result of fibromyalgia." ECF Dkt. #11-2 at 13, citing ECF Dkt. #11-10 at 17-20.

The ALJ neglected to identify Dr. Hanna as a treating physician even though Dr. Hanna indicated in his medical report that he has treated Plaintiff since November 23, 2002. ECF Dkt. #11-10 at 18. The ALJ also provided no review of Dr. Hanna's report beyond his diagnoses and his statement that Plaintiff suffered from chronic fatigue and the waxing and waning of her symptoms. *Id.* In his report, Dr. Hanna provided his diagnoses of Plaintiff's conditions as fibromyalgia and narcolepsy and described Plaintiff's symptoms, identified the clinical findings which lead to his diagnoses, and he outlined the consultative and diagnostic testing that Plaintiff underwent with regard to her conditions. *Id*. at 17-18. Dr. Hanna further indicated that Plaintiff was in excellent compliance with her medications and he indicated that Plaintiff's response to therapy had been poor due to the unpredictability of her conditions. *Id.* at 19. Dr. Hanna described Plaintiff as a "motivated indiv [individual] who actually desires employment and would rather work!" *Id*. at 19. He also opined that Plaintiff should be restricted to light work involving "nonstrenuous emotional and physical; flexible allowing for multiple absences up to avg 8 days/month." *Id.* at 19.

Based upon the ALJ's failure to apply the treating physician rule to Dr. Hanna's opinion, the undersigned recommends that the Court remand the instant case. An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. An ALJ must give controlling weight to the opinion of a treating physician if the ALJ finds that the opinion on the nature and severity of an impairment is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your

case record." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If an ALJ does not give controlling weight to the opinions of a treating physician, the ALJ must apply the factors in 20 C.F.R. § 404.527(d)(2)(i), (d)(2)(ii), (d)(3) through (d)(6) [20 C.F.R. §416.927(d)(2)(i), (d)(2)(ii), (d)(3) through (d)(6) for SSI] which include the length of the treatment relationship, the frequency of the examinations, the nature and extent of the treatment relationship, the supportability of the opinions with medical signs, laboratory findings, and detailed explanations, consistency of the opinions with the record as a whole, the specialty of the treating physician, and other factors such as the physician's understanding of social security disability programs, and familiarity of the physician with other information in the claimant's case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore " 'be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied.' " *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004), quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir.1999). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 (6th Cir. 2007), citing *Wilson*, 378 F.3d at 544.

In this case, the ALJ fails to provide any information beyond mentioning Dr. Hanna's diagnoses. He fails to articulate the weight, if any, that he gave to Dr. Hanna's opinion and he also fails to explain why he attributed the weight that he did to Dr. Hanna's opinion, if he gave any weight. Without such information, the undersigned recommends that the Court find that it cannot conduct a meaningful review of the ALJ's decision. While there are instances where a violation of the treating physician rule may constitute harmless error, the undersigned recommends that the Court

find that the instant case does not present such an instance.  The Sixth Circuit in *Wilson* suggested that reversal may not be warranted for de minimis violations of the treating physician rule, such as when the treating physician's opinion is so patently deficient that it could not be credited, the Commissioner adopts the treating source's opinion or makes findings consistent with it, or where the goals of the treating physician rule are otherwise met by the ALJ in his decision.  *Wilson*, 378 F.3d at 547.  Here, Dr. Hanna's opinion is not so patently deficient that the ALJ could not possibly credit it.  Further, the ALJ did not make findings consistent with Dr. Hanna's opinion or limitations.  Finally, the goals of the treating physician rule are not otherwise met in this case as the reasons for not affording controlling weight to Dr. Hanna's opinion are unknown.

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court vacate the ALJ's decision and remand the instant case to the ALJ for further proceedings consistent with this Report and Recommendation.

DATE: January 4, 2012                     */s/George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).