UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                          :
PAMELA FUNK,                              :
                                          :        CASE NO. 1:10-cv-2867
              Plaintiff,                  :
                                          :
vs.                                       :        OPINION & ORDER
                                          :        [Resolving Doc. No. 18]
MICHAEL J. ASTRUE,                        :
COMMISSIONER OF SOCIAL                    :
SECURITY,                                 :
                                          :
              Defendant.                  :
                                          :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Magistrate Judge George J. Limbert recommended that this Court vacate the Social Security

Commissioner's denial of Supplemental Security Income benefits to Plaintiff Pamela Funk, and

recommended that this Court remand the case to the administrative law judge ("ALJ") for more

detailed findings about a treating physician's report. Because the ALJ failed to provide any

indication as to the weight afforded the medical opinion of Funk's primary care physician, and failed

to comply with the Commission's procedural requirements to provide reasons for not affording

treating physicians' opinions controlling weight, the Court **ADOPTS** the recommendation of the

Magistrate Judge and **REMANDS** this case to the ALJ for further findings consistent with this

opinion.

## I. Background

        Pamela Funk applied for disability insurance benefits and supplemental security income on

Case No. 1:10-cv-02867
Gwin, J.

October 10, 2006, saying that depression, fibromyalgia and narcolepsy rendered her disabled. In support of her application, she submitted a report from her primary care physician, Dr. John T. Hanna, who began treating her on November 23, 2002. [Doc. 11-10, at 17-19.] Her applications were denied initially and on reconsideration by the Commissioner. [Doc. 11-4 at 2-24.] An administrative hearing was held on March 3, 2009, at which Funk was represented by counsel and testified. On March 23, the ALJ denied her applications for benefits. [Doc. 11-2 at 9-16.] Her subsequent administrative appeal was also denied. [Doc. 11-2 at 2.]

Funk then asked this Court to review the ALJ's decision. Through counsel, she initiated this suit on December 20, 2010, [Doc. 1] and filed a brief on the merits on September 30, 2011. [Doc. 15.] The effort was feeble and unavailing. At its most coherent (the overwhelming majority of space is devoted to rote recitations of legal standards, with only a few scattered sentences offering perfunctory argumentative statements[1]) the rambling brief claims that the ALJ failed to credit her subjective reports of pain, and failed to expressly acknowledge burden-shifting at Step 5 of the analysis. [Doc. 15 at 7-8.]

Funk did not challenge the ALJ's consideration of Dr. Hanna's report. Her brief did not mention her primary care physician, Dr. Hanna. Her brief did not challenge the ALJ's evaluation of the medical evidence generally, nor suggest any way in which it was improper.

The Commissioner filed a response on November 9, 2011. [Doc. 16.] Funk, through counsel,

---

[1]These are (1) that her narcolepsy and pain prevented her from performing past relevant work, [Doc. 15 at 2]; (2) that no substantial evidence supports the proposition that there are jobs for ushers and dining room attendants in the national economy, [Doc. 15 at 5], which the magistrate judge construed charitably to challenge her capacity to perform those roles, [Doc. 17 at 4]; (3) that the ALJ's failed to acknowledge burden-shifting following a claimant's demonstration of inability to perform past relevant work, [Doc. 15 at 6]; and (4) that ALJ failed to credit her subjective complaints of pain in assessing her functional limitations. [Doc. 15 at 7-8.]

Case No. 1:10-cv-02867
Gwin, J.

did not reply.

On January 4, 2012, the Magistrate Judge issued a report and recommendation. Despite acknowledging Funk's fumbling challenges, the Magistrate Judge did not directly address them, and based his recommendation to vacate and remand on an issue raised *sua sponte*. Having "noticed that the ALJ mentioned Dr. Hanna in two short sentences," the Magistrate Judge deemed himself unable to provide meaningful review where the ALJ did not identify Dr. Hanna as a treating physician and did not provide any rationale for any discount to the physician's opinion–or, indeed, any indication whatever as to the weight Dr. Hanna's opinion was due. [Doc. 17 at 4-5.] Accordingly, and citing procedural requirements imposed by the Commission to facilitate meaningful review and ensure that claimants are not blind-sided when the opinions of potentially long-time care providers are dismantled by bureaucrats, the Magistrate Judge recommended that this Court vacate and remand the matter to the ALJ. [Doc. 17 at 6.]

Funk did not object to the Magistrate Judge's report, but the Commissioner filed an objection on January 18, 2012, saying that Funk had waived any challenge to the ALJ's consideration of Dr. Hanna's opinion. Had the issue been raised, the Commissioner says, the ALJ's failure to comport with agency process would have been harmless because the evidence overwhelmingly demonstrated that the Plaintiff suffered no impairment either from her claimed narcolepsy nor from her fibromyalgia in her active, daily life, and that the ALJ's decision substantially accommodates Dr. Hanna's report. [Doc. 18.]

## II. Legal Standards

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental

Case No. 1:10-cv-02867
Gwin, J.

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[2/] The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1). Parties have fourteen days to file written objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). "Any issue not raised directly by plaintiff is deemed waived." *Bracey v. Comm'r of Soc. Sec.*, 2011 WL 3359678, at *10 (S.D. Ohio June 4, 2009), *adopted by* 2011 WL 3359924 (E.D. Mich. Dec. 10, 2010).

Under the "treating physician rule" implemented by 20 C.F.R. § 404.1527(d)(2), an ALJ must "give good reasons," under a specific decisional rubric, if it elects not to accept the presumptively controlling weight that is given to a treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). "'The requirement of reason-giving exists, in part, to let

---

[2/] During Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he or she seeks disability benefits. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). In Step Two, the Plaintiff must show that he or she "suffers from a severe impairment in order to warrant a finding of disability." *Id.* (internal quotations omitted). During Step Three of the analysis, the ALJ determines whether the claimant has an impairment that satisfies one of the criteria of an impairment listed in Appendix 1 and that also meets the durational requirement. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1. A claimant is deemed disabled if she or he has an impairment that meets both the listing and the duration requirement. For the Fourth Step, the ALJ must determine if the claimant's residual functional capacity allows him to do past relevant work. *Colvin*, 475 F.3d at 740. Finally, in the Fifth Step, the ALJ must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. *Id.* "For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled." *Id.*

Case No. 1:10-cv-02867
Gwin, J.

claimants understand the disposition of their cases,' particularly in situations where a claimant

knows that his physician has deemed him disabled and therefore 'might be especially bewildered

when told by an administrative bureaucracy that she is not.'" *Id.* (quoting *Snell v. Apfel*, 177 F.3d

128, 134 (2d Cir. 1999). "The requirement also ensures that the ALJ applies the treating physician

rule and permits meaningful review of the ALJ's application of the rule." *Id.*

### III. Discussion

The Magistrate Judge's dissatisfaction with the ALJ's cursory treatment of Dr. Hanna's

evidence is well-reasoned. The Commissioner makes arguments that Funk has waived any challenge

to the ALJ's cursory treatment of evidence from her longstanding treating physician, but it would

work a substantial injustice to gut a procedural requirement self-imposed by the Commissioner and

"intended to protect applicants like" Funk, *Wilson*, 378 F.3d at 544, merely because her counsel

whiffed on a challenge characterized by the Commissioner as ubiquitous fare in these cases. [Doc.

18 at 4.] Though procedural default plays an important role in the adversary process, the Court does

not acknowledge a waiver in this case. The omission was not harmless. Though strong interests

support both rigorous application of waiver principles and the guarantee (established by the

Commission itself) that specific reasons must be provided to preserve the appearance of integrity in

administrative proceedings, as well as facilitating the actual integrity of the review process, the Court

"will continue remanding when [it] encounters opinions from ALJ's that do not comprehensively

set forth the reasons for the weight assigned to a treating physician's opinion." *Wilson*, 378 F.3d at

545 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004).

*A. Waiver*

The Magistrate Judge considered, *sua sponte*, the adequacy of the ALJ's conformity with the

-5-

Case No. 1:10-cv-02867
Gwin, J.

treating physician rule, which affords controlling weight to treating physicians unless the ALJ finds

otherwise by providing specific reasons and explanations.  *See Wilson v. Commissioner of Soc. Sec.,*

*378 F.3d 541, 544 (6th Cir. 2004)*.  Though the treating physician rule is not "a procrustean bed,

requiring arbitrary conformity at all times." *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 805

*(6th Cir. 2011)* (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x. 543, 551 (6th Cir. 2010)), it

does require an ALJ to "provide a clear understanding of the reasons for the weight given a treating

physician's opinion." *Friend*, 375 F. App'x at 551.

      This Court does not "devise arguments on plaintiff's behalf, nor will the Court engage in

'open-ended' review of the entire record to determine which opinions—if any—the ALJ failed to

assign proper deference." *Merida v. Astrue*, 737 F. Supp. 2d 674, 679 n.2 (E.D. Ky. 2010).  Even

where parties argue that an ALJ failed to give proper deference to treating physicians' opinions, they

are not excused from the responsibility to make such challenges with clarity and specificity.  "In the

absence of any such focused challenge," the Sixth Circuit "decline[s] to broadly scrutinize any and

all treating physician opinions in the record to ensure that they are properly accounted for in the

ALJ's decision." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

      Here, through counsel, Funk raised no such challenge–sufficiently focused or no.  This would

permit application of the waiver rule. *Jackson v. Comm'r of Soc. Sec.*, No. 09-13900, 2010 WL

5187705, at *5 n.4 (E.D Mich. Nov. 18, 2010) ("Any issue not raised directly by plaintiff is deemed

waived, and therefore any argument that the ALJ's treating physician analysis was inadequate is not

properly before the Court."), *adopted by* 2010 WL 5146329 (E.D. Mich. Nov. 18, 2010); *Bracey v.

Comm'r of Soc. Sec.*, No. 10-CV-12659, 2011 WL 3359678, at *6 (E.D. Mich. July 13, 2011) ("Any

issue not raised directly by plaintiff is deemed waived."), *adopted by* 2011 WL 3359924 (E.D. Mich.

Case No. 1:10-cv-02867
Gwin, J.

Aug. 4, 2011).

The issue might be deemed preserved for review had Funk's brief challenged the ALJ's explanation as to Dr. Hanna's report, or even some derivative finding that might have impliedly called into question the adequacy of the ALJ's explanation. *Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 569 (6th Cir. 2009). Indeed, a charitable reading of her brief might still support such a result, construing her idle challenges to the ALJ's findings on the impact of her narcolepsy and fibromyalgia—which, it must be noted, urge a finding consistent with the opinion of Dr. Hanna that her condition intermittently incapacitates her 25% of the time (the physician pegged the range at an average of eight days per month)—as a challenge to the adequacy of its consideration of Dr. Hanna's opinion. [Doc. 15 at 2.]

B. *Harmless Error*

It is unnecessary to be so charitable. Waiver is prudential. "The requirement for specific objections to a magistrate judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice." *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994); *see also Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (finding ALJ erred though claimant did not raise specific objection).

Justice requires remand. The treating physician rule protects claimants like Funk, despite any disservices from her counsel.

Though remand is unnecessary where a treating physician's opinion is "so patently deficient" as to render the reason requirement superfluous, or when the ALJ adopts the reasoning of the treating physician, *Wilson*, 378 F.3d at 546, the Commissioner can claim neither excuse here. Dr. Hanna's opinion was hardly patently deficient. It reflects, over the course of more than five years treating

-7-

Case No. 1:10-cv-02867
Gwin, J.

Funk's diagnosed narcolepsy and fibromyalgia, the physician's satisfaction with her earnest efforts at compliance with treatement, and the unfortunate net result of the condition leaving Funk intermittently unable to work "up to avg 8 days/month." [Doc. 11-10 at 19.]  And though the Commissioner minimizes the divergence between the physician's opinion and the ALJ's ultimate findings, saying that they "largely mirror Dr. Hanna's statement," [Doc. 18 at 8], that particular mirror does not reflect the most significant part of Dr. Hanna's opinion, which suggests that her condition can result in absence-requiring incapacity up to eight days per month.

        If the ALJ had good reason to ignore that component of the treating physician's report, he should have said so. The Commissioner urges the Court to follow an unpublished opinion in which the ALJ "indirectly attack[ed] both the supportability [treating sources'] opinions and the consistency of those opinions with the record as a whole," *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 463 (6th Cir. 2006), but unlike the situation in *Nelson*, the ALJ gave no reason for rejecting Dr. Hanna's position on the sporadic, but in sum substantial (nearly 25%) periods of exacerbated symptoms. The ALJ did opine that Funk's testimony was more credible and expressed skepticism as to the diagnosis of both the narcolepsy and the fibromyalgia diagnosed by Dr. Hanna.  But neither explained why this would account for the difference the ALJ deemed apparent between the state-appointed examining physician and Funk's treating physician.  The ALJ's basis for that judgment is neither explicit nor implicit.

## IV.  Conclusion

        The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, and **REMANDS**

Case No. 1:10-cv-02867
Gwin, J.

this case to the Administrative Law Judge for further findings consistent with this opinion.

      IT IS SO ORDERED.


Dated: March 30, 2012            s/        *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE